```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,       :

    Plaintiff,              :

  v.                              :    Case No. 2:07-cr-0245

Vernon Chandler,                :    JUDGE HOLSCHUH

    Defendant.              :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a detention hearing on December 21, 2007. Following the hearing, the Court ordered the defendant detained pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was indicted in this Court on December 6, 2007. The indictment charged him with six separate counts of criminal activity, including the possession of narcotics with the intent to distribute and the possession of multiple firearms in relation to a drug trafficking offense. He was also charged with the possession of an unregistered machine gun. Most of the charges arose out of an event that occurred on January 4, 2006, but Count Eight of the indictment alleges that more than a year later, he again possessed narcotics with the intent to distribute, a charge carrying with it a five year mandatory minimum sentence because of the amount of narcotics alleged (five or more grams of crack cocaine). The indictment gives rise to the following presumption concerning detention.

    <u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious

drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

    The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the

most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional information concerning Mr. Chandler is found in the Pretrial Services Report. Mr. Chandler has resided in the Columbus area for most of his life and currently resides with his mother and other members of his family. He has a young child with whom he has daily contact. He has had no verifiable employment for almost two years. He is in poor health due to a gunshot wound suffered in January, 2006. His criminal history includes convictions for carrying a concealed weapon and

3

receiving stolen property.  In connection with the carrying concealed weapon charge, he was declared a probation absconder in 1997 and his probation for that charge and the receiving stolen property charge was extended for a year.  He also failed to appear in court on at least two occasions in the past.  In August, 2007, he was charged with felony drug possession and receiving stolen property.  The United States proffered at the hearing that this charge involved not only narcotics but also weapons, and that at one point it was considered for inclusion in the federal indictment but ultimately authorities determined that the state would pursue the charge.  To Mr. Chandler's credit, he has been aware of the federal investigation involving his narcotics trafficking and firearms possession since January, 2006, and has been cooperative with federal authorities concerning that matter.

 Here, there is little in the record to rebut the presumption that Mr. Chandler is both a danger to the community and a risk of flight.  The events of January 4, 2006 indicate that Mr. Chandler possessed a large number of weapons, including an unregistered machine gun, and was also involved in narcotics trafficking at that time.  After being aware that his activities had come to the attention of federal authorities, he appears to have involved himself in both narcotics trafficking and weapons possession on two additional occasions.

 In addition to the presumption created by the indictment, there are other factors which suggest that detention is the only appropriate holding in this case.  The case involves both weapons and narcotics, and the large number of weapons possessed by Mr. Chandler, the type of weapons, and the fact that he has continued to engage in similar activity on at least two occasions following the date of the original occurrence are strong indicators of a danger to the community both through the possession of weapons and the trafficking in narcotics.  His employment history is also a negative factor, as is his history

of substance abuse.  His ties to the community are simply insufficient to overcome the presumption and the other negative factors.  Consequently, the Court ordered the defendant detained pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge